**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION**

| | | |
|---|---|---|
| KENNETH CLAY, | § | |
| TDCJ # 02228320, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 3:19-369 |
| | § | |
| BRYAN COLLIER, *et al.*, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Kenneth Clay, an inmate in the Texas Department of Criminal Justice–Correctional Institutions Division ("TDCJ"), filed a civil-rights complaint (Dkt. 1) under 42 U.S.C. § 1983. Because this case is governed by the Prison Litigation Reform Act ("PLRA"), the Court is required to scrutinize the pleadings and dismiss the complaint in whole or in part if it is frivolous, malicious, or fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915A. After reviewing all of the pleadings as required, the Court concludes that this case must be **DISMISSED** for reasons that follow.

## I.    BACKGROUND

Clay alleges in this lawsuit that he has served his sentences and should be released from TDCJ. According to TDCJ's online records, Clay was convicted of fraud in 2018 in Travis County, Case Number D-1-DC-18-202378, and sentenced to two years. *See* Offender Information, available at https://offender.tdcj.texas.gov/ OffenderSearch/index.jsp (last visited Nov. 19, 2019). He also was convicted of

possession of a controlled substance in 2019 in Bastrop County, Case No. 16686, and sentenced to three years. *See id.*

Clay's complaint does not make allegations about the conditions of his confinement or raise a claim that is traditionally presented in a civil-rights complaint under 42 U.S.C. § 1983. Rather, Clay alleges that Defendants have "refused to acknowledge" that his "[three-]year sentence ran concurrent with a two[-]year sentence" and that he "should have been released on May 23, 2019" (Dkt. 1, at 5). He claims that Defendants have violated the Fourteenth Amendment's due-process guarantee. He seeks injunctive relief and compensatory damages. *See id.* ("I would like this situation to be rectified and I would like to be compensated").

TDCJ's online records list Clay's projected release date as January 2, 2021. They also reflect that the parole board denied him release to discretionary mandatory supervision on February 5, 2019, and that his next parole review date is in February 2020. *See* Parole Review Information for Kenneth Clay (available at https://offender.tdcj.texas.gov/OffenderSearch/reviewDetail.action?sid=02871105&tdcj=02228320&fullName=CLAY%2CKENNETH) (last visited Nov. 19, 2019).

Publicly available court records reflect that Clay filed an application for state habeas relief (WR-54,591-02) with the Texas Court of Criminal Appeals on October 2, 2019, challenging his Bastrop County conviction. *See* Case Information, Texas Judicial Branch, available at http://search.txcourts.gov/CaseSearch.aspx?coa=cossup=c (last visited Nov.

19, 2019).   The court denied relief without written order on October 16, 2019 (*id.*).[1]

## II.   __THE PLRA AND *PRO SE* PLEADINGS__

Because the plaintiff is an inmate bringing a civil-rights case under 42 U.S.C. § 1983, the Court is required by the Prison Litigation Reform Act ("PLRA") to scrutinize the claims and dismiss the complaint at any time, in whole or in part, if it determines that the complaint is frivolous, malicious, or fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.   28 U.S.C. § 1915A(b); *see* 42 U.S.C. § 1997e(c)(1).

In reviewing the pleadings and litigation history, the Court is mindful of the fact that Plaintiff proceeds *pro se*.   Complaints filed by *pro se* litigants are entitled to a liberal construction and, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotation marks and citation omitted).   Even under this lenient standard a *pro se* plaintiff must allege more than "'labels and conclusions' or a 'formulaic recitation of the elements of a cause of action.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).   "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citation omitted).   Regardless of how well-pleaded the factual allegations may be, they must demonstrate that the plaintiff is entitled to relief under a valid legal theory.   *See Neitzke v. Williams,* 490 U.S. 319, 327 (1989); *McCormick v. Stalder,* 105 F.3d 1059, 1061 (5th Cir.

---

[1]      Additionally, Clay filed a state habeas application (WR-54,591-01) in 2002 to challenge a Harris County conviction (*id.*).

1997).

A claim is frivolous if it lacks any arguable basis in law or fact. *Samford v. Dretke*, 562 F.3d 674, 678 (5th Cir. 2009). It lacks an arguable basis in law "if it is based on an indisputably meritless legal theory." *Rogers v. Boatright*, 709 F.3d 403, 407 (5th Cir. 2013) (internal quotation marks and citation omitted). It lacks an arguable basis in fact "if, after providing the plaintiff the opportunity to present additional facts when necessary, the facts alleged are clearly baseless." *Id.* (internal quotation marks and citation omitted).

A dismissal under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim is governed by the same standard under Rule 12(b)(6) of the Federal Rules of Civil Procedure. *See Rogers*, 709 F.3d at 407. When considering whether the plaintiff has adequately stated a claim upon which relief can be granted, the court examines whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id.* Under this standard, the Court "construes the complaint liberally in favor of the plaintiff," "takes all facts pleaded in the complaint as true," and considers whether "with every doubt resolved on [the plaintiff's] behalf, the complaint states any valid claim for relief." *Harrington v. State Farm Fire & Cas. Co.*, 563 F.3d 141, 147 (5th Cir. 2009) (internal citations and quotation marks omitted).

## III.   <u>DISCUSSION</u>

Clay filed this civil-rights lawsuit challenging his continued incarceration after May 23, 2019, when he claims his sentences were discharged. He seeks injunctive and monetary relief.

Under *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994), a claim for damages under

42 U.S.C. § 1983 that bears a relationship to a conviction or sentence is not cognizable unless the conviction or sentence has been invalidated. To recover damages based on allegations of "harm caused by actions whose unlawfulness would render a conviction or sentence invalid," a civil-rights plaintiff must prove "that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determinations, or called into question by a federal court's issuance of a writ of habeas corpus [under] 28 U.S.C. § 2254." *Id.* If a judgment in favor of a civil-rights plaintiff "would necessarily imply the invalidity of his conviction or sentence," then the complaint "must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." *Id.* at 487. *See Hainze v. Richards,* 207 F.3d 795, 798 (5th Cir. 2000).

A finding in Clay's favor in this case would necessarily imply that he is unlawfully confined. Therefore, he is entitled to proceed with his § 1983 claim only if TDCJ officials' decision regarding his release date has been reversed or otherwise declared invalid. Public court records do not reflect, and Clay does not claim, that he has successfully challenged his release date. Absent this showing, the rule in *Heck* precludes any claim for damages, as well as any claim for injunctive relief. *See Clarke v. Stalder*, 154 F.3d 186, 190-91 (5th Cir. 1998) (en banc). The Supreme Court has unequivocally stated that "a state prisoner's § 1983 action is barred (absent prior invalidation)—no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)—if success in that action would necessarily demonstrate the invalidity of confinement or its duration." *Wilkinson v. Dotson*, 544 U.S.

74, 81-82 (2005) (emphasis removed).

Clay's civil-rights claims are not cognizable under 42 U.S.C. § 1983 at this time and his claims must be dismissed. His claims for monetary damages will be dismissed with prejudice until the *Heck* conditions are met. *See Johnson v. McElveen*, 101 F.3d 423, 424 (5th Cir. 1996) (explaining that claims barred by *Heck* are "dismissed with prejudice to their being asserted again until the *Heck* conditions are met"). His claims for injunctive relief will be dismissed without prejudice. *See id.*; *Clarke*, 154 F.3d at 191.

To the extent Clay seeks to bring a claim for immediate or speedier release from custody, such legal challenges are properly presented in habeas corpus proceedings. *Wilkinson*, 544 U.S. at 81; *Poree v. Collins*, 866 F.3d 235, 243 (5th Cir. 2017) (challenges to an inmate's "fact or duration of confinement" are properly brought as habeas corpus actions rather than civil-rights actions under § 1983).[2] As a prerequisite to federal habeas review, a petitioner must exhaust all available state court remedies. *See* 28 U.S.C. § 2254(b)(1)(A) ("An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that . . . the applicant has exhausted the remedies available in the courts of the State."). To exhaust his state remedies under the applicable statutory framework, a habeas petitioner must fairly present "the substance of his claim to the state courts." *Conner v. Quarterman*,

---

[2]     Challenges seeking release to mandatory supervision also are properly presented in habeas proceedings. *See Kennedy v. State of Texas Pardons and Paroles*, 136 F. App'x 712 (5th Cir. 2005); *Ex parte Geiken*, 28 S.W.3d 553, 557 (Tex. Crim. App. 2003) (permitting habeas applicant to "mount a due[-]process challenge to the procedures used by the parole board in considering whether to release applicant to mandatory supervision").

477 F.3d 287, 291-92 (5th Cir. 2007) (internal quotation marks and citation omitted).

Exceptions exist only where there is an absence of available state corrective process or

circumstances render such process ineffective to protect the rights of the applicant.  *See* 28

U.S.C. § 2254(b)(1)(B).  A federal habeas petitioner shall not be deemed to have exhausted

the remedies available in the state courts "if he has the right under the law of the State to

raise, by any available procedure, the question presented."  28 U.S.C. § 2254(c).

IV.    **CONCLUSION**

For the reasons stated above the Court **ORDERS** that:

1.    The complaint (Dkt. 1) under 42 U.S.C. § 1983 is **DISMISSED** pursuant to
      28 U.S.C. § 1915A(b) for failure to state a claim upon which relief can be
      granted.  Clay's claims for monetary damages are **dismissed with prejudice**
      to his claims being asserted again until the *Heck* conditions are met.  His
      claims for injunctive relief are **dismissed without prejudice**.

2.    All pending motions, if any, are **DENIED as moot**.

3.    The Clerk is **INSTRUCTED** to send Clay a copy of the Court's form petition
      for a writ of habeas corpus under 28 U.S.C. § 2254.

The Clerk will provide copies of this order to the parties.

SIGNED at Galveston, Texas, on   November 19th                 , 2019.

_____
JEFFREY VINCENT BROWN
UNITED STATES DISTRICT JUDGE